**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

ARWA & CHANGE ADVOCATES, LLP,    )
       )
   Plaintiff,    )   Court No: 1:24-cv-06620
       )
vs.    )   Hon. Georgia N. Alexakis
       )
SMITH LACIEN, LLP, and TODD A. SMITH,    )   Hon. Magistrate Laura K. McNally
       )
   Defendants.    )
       )

**PLAINTIFF'S UNOPPOSED MOTION FOR ENTRY OF
AGREED CONFIDENTIALITY ORDER**

Plaintiff, Arwa & Change Advocates, LLP, by and through counsel respectfully move this Honorable Court, pursuant to Fed. R. Civ. P. 26(c) and 45 C.F.R. §§ 160 and 164, for entry of an "Agreed Confidentiality Order" and, in support thereof, Plaintiff states as follows:

1.     The parties expect to exchange documents containing confidential information relating to parties and non-parties in this matter. Specifically, Plaintiff expects to share a confidential settlement agreement executed by Boeing in the underlying Ethiopian Airlines Litigation.

2.     The parties have conferred on an agreed confidentiality order, which does not deviate from this District's Model Confidentiality Order and is attached as **Exhibit 1**.

3.     While court proceedings generally are open to public scrutiny, not all materials produced in discovery but unfiled in court proceedings may be freely available or disseminated to the public. To the contrary, courts have consistently provided confidential protection for the kind of unfiled, sensitive documents at issue here. For instance, in *Seattle Times Co. v. Rhinehart,* 467 U.S. 20, 33 (1984), the Supreme Court held that the public's right of access is limited to

traditionally publicly available sources of information, and "restraints placed on discovered, but not yet admitted, information are not a restriction on a traditionally public source of information." The Court there recognized that Fed. R. Civ. P. 26(c) allows for protection from annoyance and embarrassment, and while Rule 26(c) does not contain a specific reference to privacy, privacy is "implicit in the broad purpose and language of the Rule." *Seattle Times*, 467 U.S. at 35, n.21.

4. The Seventh Circuit has re-confirmed its position distinguishing between filed and unfiled discovery for purposes of confidential protection. *Goesel v. Boley Int'l,* 738 F.3d 831, 833 (7th Cir. 2013). Citing its earlier decision in *Baxter International, Inc. v. Abbott Laboratories,* 297 F.3d 544 (7th Cir. 2002), the Seventh Circuit stated ". . . the presumption of public access 'applies only to the materials that formed the basis of the parties' dispute and the district court's resolution'; other materials that may have crept into the record are not subject to the presumption.'" *Goesel,* 738 F.3d at 833*; Baxter*, 297 F.3d at 548. Earlier in *Baxter*, the court also stated that "[s]ecrecy is fine at the discovery stage, before the material enters the judicial record." *Baxter*, 297 F.3d at 545. And in *Bond v. Utreras,* the court re-emphasized that "[t]here are good reasons to treat the public's right to access filed and unfiled discovery materials differently." 585 F.3d 1061, 1074-75 (7th Cir. 2009). "Generally speaking, the public has no constitutional, statutory (rule-based), or common-law right of access to unfiled discovery." *Id.* at 1073; *see also Coleman v. City of Chicago, et al.*, 12 C 10061 (N.D. Ill. Apr. 4, 2014) (J. Kennelly) (as a general rule, the public has no right of access to unfiled discovery (*citing Bond*, *supra*)).

6. Counsel for Plaintiff conferred with Defendant's counsel, and Defendant does not object to the entry of this order, as evidenced by the agreed proposed order that is attached.

**CONCLUSION**

**WHEREFORE**, for the above reasons, Plaintiff respectfully requests this Honorable Court to enter an order:

A. Granting this motion and approving the parties' Agreed Confidentiality Order, which is attached as Exhibit 1;

B. GRANTING him any and all appropriate relief under the circumstances.

Respectfully Submitted

/s/ Eric Onyango

Eric Onyango
Counsel for Plaintiff
Prime Legal, LLC
222 North Columbus Drive Suite 1507
Chicago, IL 60601